FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 19, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STACY B., <br><br>      Plaintiff, <br><br> -vs- <br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1] <br><br>      Defendant. | No. 4:23-CV-5072-WFN <br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER |

  Pending before the Court are Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. ECF Nos. 6, 8. Attorney Chad Hatfield represents Stacy B. (Plaintiff); Special Assistant United States Attorney Erin Highland represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion, **DENIES** Defendant's motion, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

## JURISDICTION

  Plaintiff filed an application for benefits on June 22, 2020, alleging disability since June 9, 2020. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on May 18, 2022, and issued an unfavorable decision on June 29, 2022. Tr. 17-31. The Appeals Council denied

---

[1] This action was originally filed against Kilolo Kijakazi in her capacity as the acting Commissioner of Social Security. Martin O'Malley is substituted as the defendant because he is now the Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING
PLAINTIFF'S MOTION - 1

review on March 13, 2023.  Tr. 1-6.  Plaintiff appealed this final decision of the Commissioner on May 16, 2023.  ECF No. 1.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the claimant bears the burden of establishing a prima facie case of disability.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents the

claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On June 29, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-31

At step one, the ALJ found Plaintiff had not engaged in substantial gainful between June 9, 2020, and December 20, 2021. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: exogenous obesity; mild-to-moderate degenerative joint disease (DJD) of the knees, status post knee replacement; level 1 sarcoidosis; and congestive heart failure (CHF). Tr. 21.

At step three, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 24-25.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform sedentary work subject to the following limitations:

> Stand and walk 15-20 minutes at time, 2 hours total in an 8-hour workday; occasionally balance, stoop, kneel, crouch, and crawl, but rarely climb ramps and stairs, and never climb ladders, ropes, or scaffolds; frequent use of foot pedal with the right lower extremity (RLE) is limited to frequent, but not constant; overhead reaching bilaterally is limited to occasional with less than moderate exposure to extreme temperatures and humidity, and avoid all respiratory irritants.

Tr. 26.

At step four, the ALJ found Plaintiff capable of performing past relevant work as a receptionist. Tr. 30.

ORDER GRANTING
PLAINTIFF'S MOTION - 3

The ALJ thus concluded Plaintiff has not been disabled "from June 9, 2020, through the date of this decision." Tr. 31.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ properly evaluated Plaintiff's subjective complains; (B) whether the ALJ adequately considered the requested closed period of disability; (C) whether the ALJ erred at step three; and (D) whether the ALJ erred at steps four and five. ECF No. 6 at 8. As discussed below, because the Court concludes the ALJ erred with respect to the first issue, it is not necessary to reach Plaintiff's remaining assignments of error.

## DISCUSSION

Plaintiff contends the ALJ erred by not properly assessing her symptom complaints. ECF No. 6 at 13-19. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony on the ground the record lacked "objective evidence of physiological abnormality reasonably expected to result in the degree of limitation alleged." Tr. 27. Substantial evidence does not support this ground. The ALJ found Plaintiff had five severe impairments during the relevant period, *see* Tr. 21, and specifically noted, among other things, abnormalities in Plaintiff's lymph nodes and clinical observations relating to and justifying Plaintiff's knee replacement, *see* Tr. 27-28; *see also, e.g.*, Tr. 561. By opining that the extant medical evidence of physiological abnormalities would not "reasonably" result in Plaintiff's symptoms, the ALJ impermissibly played the

ORDER GRANTING
PLAINTIFF'S MOTION - 4

role of a medical expert. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (recognizing that the ALJ is "not qualified as a medical expert"). Further, the Ninth Circuit has made clear that an ALJ "cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence fully corroborating every allegation within the subjective testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (cleaned up); *see also Glanden v. Kijakazi*, 86 F.4th 838, 847 (9th Cir. 2023). The ALJ thus erred by discounting Plaintiff's testimony on this ground.

The ALJ next discounted Plaintiff's testimony as inconsistent with Plaintiff's "[r]outine conservative treatment and recommendations." Tr. 27. Substantial evidence does not support this ground. Rather, the record reflects that Plaintiff underwent a series of steroid infusions and had total knee replacement surgery during the period at issue. *See, e.g.*, Tr. 73-75, 677, 1718, 1726. Plaintiff argues "no reasonable reading of the record would identify her treatment as 'conservative.'" ECF No. 6 at 15. The Court agrees. Further, the Commissioner does not appear to defend this specific finding.[2] The ALJ thus erred by discounting Plaintiff's testimony on this ground.

---

[2] Instead, the Commissioner argues the ALJ reasonably discounted Plaintiff's testimony as inconsistent with Plaintiff's "improvement with treatment." ECF No. 8 at 6. In support, the Commissioner cites to a page of the ALJ's decision wherein the ALJ noted medical evidence of record relating only to some of Plaintiff's severe impairments, some of which post-dated the end of the closed period. *See* Tr. 28. The Commissioner then dedicates nearly two pages of briefing to rescript medical evidence the Commissioner acknowledges "the ALJ did not specifically cite." ECF No. 8 at 8 n.4. However, the Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citing, *inter alia*, *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases…")); *see also Connett v. Barnhart*,

ORDER GRANTING
PLAINTIFF'S MOTION - 5

Finally, the ALJ discounted Plaintiff's testimony as inconsistent with her activities. In support, the ALJ noted Plaintiff "reported no trouble standing, reaching, using her hands, remembering, understanding, or following directions." Tr. 27. Further, the ALJ noted Plaintiff "can handle her personal care needs, handle her personal finances, prepare and cook simple meals, and drive a car," and "she can go shopping in stores, visit with friends and family, use video chat, and she gets along with authority figures." Tr. 27. However, these activities neither "meet the threshold for transferable work skills," *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603), nor sufficiently undermine Plaintiff's allegations, *see Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017) (holding that the ALJ erred in failing to provide any explanation as to why claimant's activities established that the claimant possessed the ability to maintain regular attendance at work). The ALJ thus erred by discounting Plaintiff's testimony on this ground.

The ALJ accordingly erred by discounting Plaintiff's testimony.

---

340 F.3d 871, 874 (9th Cir. 2003) (district court erred in affirming based on evidence the ALJ did not discuss). To the extent the ALJ discounted Plaintiff's testimony as inconsistent with her improvement with treatment, the Court concludes the ALJ's discussion of the medical evidence was insufficient to discount Plaintiff's testimony concerning the closed period at issue. *Cf. Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (noting the ALJ must explain how the medical evidence contradicts the claimant's testimony).

ORDER GRANTING
PLAINTIFF'S MOTION - 6

## SCOPE OF REMAND

This case must be remanded because the ALJ harmfully misevaluated Plaintiff's testimony. Plaintiff contends the Court should remand for an immediate award of benefits. ECF No. 6 at 20-21. Such a remand should be granted only in a rare case and this is not such a case. Plaintiff's testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Because the ALJ misevaluated Plaintiff's testimony, the ALJ will necessarily need to reassess her step three finding – which was based on the ALJ's assessment of Plaintiff's testimony – and determine whether the RFC needs to be adjusted. For this reason, the Court need not reach Plaintiff's remaining assignments of error. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall reassess Plaintiff's testimony, reevaluate Plaintiff's claims at step three, redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g). Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, filed September 6, 2023, **ECF No. 6**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, filed October 5, 2023, **ECF No. 8**, is **DENIED**.

1  |  The District Court Executive is directed to file this Order and provide copies to
2  | counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall
3  | be **CLOSED**.
4  |  **DATED** this 19th day of March, 2024.
5  |
6  |
7  |                                                    _____
8  | 03-07-24                                           WM. FREMMING NIELSEN
   |                                                    SENIOR UNITED STATES DISTRICT JUDGE

ORDER GRANTING
PLAINTIFF'S MOTION - 8